### Ex Parte Lizardi.

Solicitud para que se expida mandamiento de Habeas Corpus.

No. 35.—Resuelto en Agosto 18, 1904.

Acusación—Desestimación de la Misma.—El acusado debe solicitar de la Corte inferior la desestimación de la acusación en los casos á que se refiere el art. 448 del Código de Enjuiciamiento Criminal..

Id—Habeas Corpus.—El procedimiento de *Habeas Çorpus* no puede ser utilizado para obtener la desestimación de la acusación, y la libertad del prisionero, por concurrir cualquiera de los casos previstos en el art. 448 del Código de Enjuiciamiento Criminal.

La solicitud fué presentada al Juez Asociado Sr. Hernández en su despacho.

#### EXPOSICIÓN DEL CASO.

*Resultando*: que en la cuasa criminal seguida en el Tribunal de Distrito de Humacao contra Manuel Lizardi por el delito de abuso de confianza fué condenado Lizardi, por senten-

cia de veinte y tres de Septiembre del año próximo pasado á la pena de tres años de presidio, y habiendo interpuesto apelación contra dicha sentencia se le permitió que prestará fianza por la cantidad de cinco mil dollars, habiéndola prestado Don Laureano Martínez, Don Silvestre Castrillo Rosario y Don José Y. Esetrás, quienes se obligaron á entregar áLizardi para el cumplimiento de la sentencia, si ésta era confirmada ó modificada, y en el caso de ser revocada y ordenarse la celebración de nuevo juicio, á hacerle comparecer ante el Tribunal á que la causa fuera remitida.

*Resultando*: que estando en libertad Lizardi bajo la fianza de que se ha hecho mérito, sus fiadores entregaron, en diez y nueve de Enero del corriente año, al Alcaide de la Cárcel de Humacao una copia del acta de fianza por ellos prestada, al objeto de que aquél fuera nuevamente detenido, como así lo fué en la misma fecha, habiendo sido trasladado en quince de Febrero siguiente á la Cárcel de San Juan por órden del Director de Prisiones, en cuyo establecimiento se encuentra aún bajo la custodia de su Alcaide, quién tiene copia del acta de fianza prestada.

*Resultando*: que esta Corte Suprema, en diez y ocho de Mayo último, revocó la sentencia apelada y ordenó la devolución de la causa á la Corte de Humacao para la celebración de un nuevo juicio ó para cualquier otra resolución que autorice la ley.

*Resultando*: que el Letrado Don Juan R. Ramos, en representación de Manuel Lizardi, ha ejercitado el recurso de habeas corpus para que se ponga en libertad á Lizardi por haber transcurrido más de sesenta días sin que se haya presentado nueva acusación contra el mismo, invocando como fundamentos legales de su pretensión los artículos 11 y 448 caso 1º. del Código de Enjuiciamiento Criminal y los números 1º. y 2º. del artículo 483 del mismo Código.

*Resultando*: que el Letrado de Lizardi ha presentado

cópia de un escrito que dice dirigió á la Córte de Humacao en nueve de Junio último solicitando fuera archivada la causa y puesto aquél inmediatamente en libertad, sin que á ese escrito haya recaido resolución alguna.

Abogado del peticionario: *Sr. Ramos (Juan R.)*.

Abogado del Pueblo: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Hernández, despues de exponer los hechos anteriores, emitió la siguiente opinión.

*Considerando:* que el artículo 448 del Código de Enjuiciamiento Criminal concede á la Corte originaria la facultad de decretar el sobreseimiento del proceso en los casos en que no se haya presentado la acusación contra el reo en el término de sesenta días desde su detención, ó cuando no sea sometido á juicio en el término de ciento veinte días á contar desde la presentación de la acusación, á ménos que exista justa causa en contrario; y que por tanto, ese poder es discrecional, debiendo conciliarse en su ejercicio los intereses de la justicia y los derechos del acusado.

*Considerando:* que por la razón expuesta, si el acusado Lizardi se crée con derecho á que se decrete el sobreseimiento en la causa que motiva su prisión, ha debido presentar para ello la correspondiente moción ante el Tribunal de Distrito de Humacao, citando le Sección del Código de Enjuiciamiento Criminal bajo la cúal se crea amparado, sin que fuera necesario solicitar el auto de *Habeas Corpus.*

*Considerando:* en su consecuencia que la pretensión de Habeas Corpus no está comprendida, según se alega, en los números 1º. y 2º. del art. 483 del Código de Enjuiciamiento Criminal.

Vista la resolución que con fecha siete de Diciembre del año próximo pasado dictó esta Córte Suprema en el recurso de apelación interpuesto por el preso Antonio Torres contra auto del Presidente de la Corte de Distrito de Ponce que desestimó la excarcelación del Torres.

Se declara no haber lugar á la excarcelación que solicita el

preso Manuel Lizardi, y continúe bajo la custodia del Alcaide de la Cárcel de San Juan.